# JUNE TERM, 1925.*

---

### PEOPLE v. RUPRIGHT.

1. INTOXICATING LIQUORS—CRIMINAL LAW—EVIDENCE—SUFFICIENCY.
   In a prosecution for the illegal sale of whisky, where a witness testified that he bought whisky of defendant and gave it to the sheriff, and the sheriff identified the whisky received in evidence as that furnished by said witness, defendant's contention that there was no evidence that the whisky received in evidence was sold by him, is without merit.[1]

2. CRIMINAL LAW—EVIDENCE—EVIDENCE OF SEARCH FIRST BROUGHT INTO CASE BY DEFENDANT NOT ERROR.
   Where, in a prosecution for the illegal sale of whisky, defendant's counsel brought out, on cross-examination, that a search of defendant's place was made after the sale in question, it was not error for the prosecution later to go into the matter.[2]

Exceptions before judgment from Ottawa; Cross (Orien S.), J. Submitted June 11, 1925. (Docket No. 85.) Decided July 16, 1925.

Frederick Rupright was convicted of violating the liquor law. Affirmed.

*Charles E. Misner,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Fred T. Miles,* Prosecuting Attorney, for the people.

CLARK, J. Defendant was convicted of selling moonshine whisky. It is contended, on exceptions

---

[1]Intoxicating Liquors, 33 C. J. § 531; [2]Criminal Law, 17 C. J. § 3557.

*Continued from Vol. 231.

before sentence, that there is no evidence that the whisky received in evidence was sold by defendant. A witness testified that he bought whisky of defendant and gave it to the sheriff. The sheriff identified the whisky received in evidence as that furnished him by the witness. The contention is without merit.

It is urged that evidence that a search of defendant's place was made after the sale in question ought not to have been received. It was brought into the case by counsel for defendant on cross-examination of a witness for the people. That the prosecution later went into the matter will not be held, therefore, to be error.

The trial judge rightly held that the verdict is not against the great weight of the evidence.

Affirmed and remanded for judgment.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.